UNITED STATES *v.* MEYER Co. (No. 2309).[1]

CONSTRUCTION, PARAGRAPH 27, TARIFF ACT OF 1921—DRIED CHERRIES ARE NOT RAW.

Only those fruits can properly be regarded as raw which are in their natural state or so nearly in that condition that they retain substantially unimpaired the qualities and characteristics of the fruit as it came from the tree. Raw fruits are converted by cooking into a different commercial commodity, and the heat which accomplishes that change is equally effective when used in drying fruit. Raw fruit, dried fruit, and cooked fruit are commonly regarded

[1] T. D. 40049.

as radically different articles, and Congress itself has long recognized the difference by providing for them as separate distinct tariff entries. Consequently, dried cherries should not have been assessed under paragraph 27, emergency tariff act of 1921, as "Cherries in a raw state, preserved in brine or otherwise," and denied classification under paragraph 217, tariff act of 1913, as dried edible fruits.

United States Court of Customs Appeals, February 25, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8662 (T. D. 39697).

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Barnes, Chilvers & Halstead* (*Frank M. Halstead* of counsel) for appellee.

[Oral argument December 14, 1923, by Mr. Lawrence and Mr. Halstead.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

SMITH, Judge, delivered the opinion of the court:

Sour dried Dalmatian cherries imported at the port of New York were classified by the collector of customs as cherries in a raw state preserved in brine or otherwise and were assessed for duty at the rate of 3 cents per pound under the provisions of paragraph 27 of the emergency tariff act of 1921, which reads as follows:

PAR. 27. Cherries in a raw state, preserved in brine or otherwise, 3 cents per pound.

The importer protested that the merchandise was edible fruits dried and dutiable at 1 cent per pound under that part of paragraph 217 of the tariff act of 1913 which reads as follows:

217. * * * all edible fruits, including berries, when dried, desiccated, evaporated, or prepared, in any manner, not specially provided for in this section, 1 cent per pound.

The Board of General Appraisers sustained the protest and the Government appealed.

Section 27 provides for cherries which are preserved in brine or otherwise preserved, and to be subject to its operation, cherries must be raw and preserved in brine or in some other way. If the cherries imported are not raw or if they are not preserved in brine or otherwise preserved, they do not come within the terms of the provision under which they were assessed for duty. Only those fruits can properly be regarded as raw which are in their natural state or so nearly in that condition that they retain substantially unimpaired the qualities and characteristics of the fruit as it came from the tree. Raw fruits are converted by cooking into a different commercial commodity and the heat which accomplishes that change is equally effective when employed to dry fruit. By drying, the watery

content and the juice of raw fruits is in large measure eliminated and a new product results which would not be regarded by people in general as raw fruit.

Raw fruit, dried fruit, and cooked fruits are commonly regarded as radically different articles and Congress itself has long recognized the difference between them by providing for them as separate distinct tariff entities. (Pars. 297, 298, tariff act, 1890; pars. 213, 489, tariff act, 1894; pars. 262, 599, tariff act, 1897; pars. 274, 571, tariff act, 1909; pars. 217, 488, tariff act, 1913. See also par. 749, tariff act, 1922.)

The cherries involved in this appeal are dried cherries, not raw cherries, and are therefore not dutiable under paragraph 27 of the emergency tariff act. The judgment of the Board of General Appraisers is *affirmed*.